COVINGTON, Judge.
This case is before the court on an appeal of a summary judgment granted in favor of South Coast Gas Company, Inc., who was sued by Insured Lloyds Insurance Company and Mrs. Helen D. Galjour for damages arising out of the rupture of a gas service line and subsequent explosion and fire which destroyed Mrs. Galjour’s mobile home in Galliano, Louisiana, on June 22, 1979.[1]
In 1951, South Coast Gas Company laid the service line which was ruptured. It was buried 12 to 18 inches deep on property located at the corner of Louisiana Highway 1 and West 138th Street in Galliano, with the line extending at a right angle from the main line which ran along Highway 1. The residence of Remis Lafont was serviced by this line. Subsequently, South Coast installed another main line along West 138th Street. Lafont built a restaurant and bar which was serviced by the new line, although the building was located over the 1951 service line. Later the restaurant and bar was sold to the father of Mrs. Galjour by Lafont. In 1978, following her father’s death, Mrs. Galjour bought her coheirs’ in *1129 terest in the business. She then moved a mobile home onto the property adjacent to the business premises; and it too was over the 1951 service line. At this time she did not obtain additional service from South Coast; instead, she had a temporary line rigged up from the hot water heater in the restaurant and bar to the mobile home.
While digging a cesspool near the Galjour mobile home, Harris Compeaux, a backhoe operator hired by Alvin Devillier, Mrs. Galj-our’s brother, struck a gas line with his backhoe. Believing the line to be “dead”, Compeaux and Devillier attempted to remove it. During this operation, the gas line ruptured and caused an explosion and fire which destroyed the mobile home and its contents. Insured Lloyds Insurance Company paid Mrs. Galjour the sum of $19,-218.64 for the loss of the mobile home under its policy. Thereafter, the insurer and Mrs. Galjour sued in separate suits to recover their respective losses.
To the suits, South Coast filed motion for summary judgment. In granting the motion, the trial judge considered an affidavit of Wade Guidry, technical supervisor of the company, to the effect that:
1. The service line which was pulled up by the backhoe was installed prior to any building or structure was placed over the line.
2. Upon notice, the company locates its service lines; and relocates them at company cost when necessary.
3. There is no requirement that service lines be marked on the ground with line markers.
4. The service line which was ruptured by the backhoe had been buried at a proper depth in accordance with federal regulations.
5. South Coast had conducted leak detection surveys at proper intervals pursuant to federal regulations.
6. A cement porch had been constructed after the installation of the gas line, which hid the gas meter and rises from view.
7.There was no activity of South Coast in the area at the time which in any way contributed to the cause of the explosion and fire and resulting damage.
The trial judge found that there was no breach of duty owed by South Coast to the plaintiffs. The trial court considered that the sole proximate cause of the incident was the negligence of Compeaux and Devil-lier, Mrs. Galjour’s agents, in being content merely to shut off the gas meter, and making no effort to notify the gas company prior to their undertaking the backhoe operation.
Prom the uncontroverted facts before us, we can reach no conclusion but that South Coast was guilty of no negligence and that the explosion and fire which caused the damages complained of was due solely to the combined negligence of Compeaux and Devillier, as, explained above.. Therefore, we agree with the trial judge that there was no genuine issue of material fact; thus, South Coast is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976).
For the reasons assigned, the judgment in favor of South Coast Gas Company, Inc. and against plaintiff, Insured Lloyd Insurance Company, granting defendant’s motion for summary judgment and dismissing plaintiff’s suit with prejudice is affirmed at appellant’s cost.
AFFIRMED.

. The suit brought by Mrs. Helen D. Galjour was consolidated with the instant case on motion of defendant, South Coast Gas Company, Inc., and one judgment was rendered in the consolidated suits in the court below.